UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | |
|---|---|---|
| Case No. | **CV 22-6082-MWF(ASx)** | Date: August 30, 2022 |
| Title | **Kevin Cox v. Flower Development, LLC, et al.** | |

Present: The Honorable:   **MICHAEL W. FITZGERALD, United States District Judge**

| Rita Sanchez | Not Reported |
|:---:|:---:|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|:---:|:---:|
| Not Present | Not Present |

**Proceedings: (IN CHAMBERS) ORDER TO SHOW CAUSE RE SUPPLEMENTAL JURISDICTION**

The Complaint filed in this action asserts a claim for injunctive relief arising out of an alleged violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12213, a claim for damages pursuant to the Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code §§ 51–53, and other state law claims alleged by Plaintiff. The sole basis for jurisdiction over the Unruh Act claim is supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a). The Court, however, may decline to exercise supplemental jurisdiction for the reasons delineated in § 1367(c). *See also Arroyo v. Rosas*, 19 F.4th 1202, 1211–14 (9th Cir. 2021) (holding district courts may decline supplemental jurisdiction over ADA-based Unruh Act claims because of "very substantial threat to federal-state comity" presented by plaintiffs' use of federal courts to evade California's Unruh Act reforms).

This Court has a *sua sponte* obligation to confirm that it has subject matter jurisdiction. *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 673 (9th Cir. 2012) ("[I]t is well established that 'a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action . . . .'" (quoting *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002))).

Therefore, to assist this Court in its duty, Plaintiff is **ORDERED to SHOW CAUSE** in writing as to why this Court should exercise supplemental jurisdiction

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   **CV 22-6082-MWF(ASx)**                                          Date:  August 30, 2022

Title         **Kevin Cox v. Flower Development, LLC, et al.**

over the Unruh Act claim and the other state law claims alleged by Plaintiff.  The Response to the Order to Show Cause shall include (1) the amount of statutory damages sought pursuant to the Unruh Act; and (2) sufficient facts for the Court to determine whether Plaintiff or Plaintiff's counsel meet the definition of a "high-frequency litigant" as defined in California Code of Civil Procedure section 425.55(b)(1) & (2).  These facts shall be set forth in declarations signed under penalty of perjury.

The Response shall be filed on or before **SEPTEMBER 13, 2022.**  Failure to timely or adequately respond to this Order to Show Cause may, without further warning, result in the dismissal of the entire action without prejudice or the Court's declining to exercise supplemental jurisdiction over the Unruh Act claim and the dismissal of that claim pursuant to 28 U.S.C. § 1367(c).

IT IS SO ORDERED.

Initials of Preparer:  RS/sjm